UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT H. SILVIA,
    Plaintiff,

v.      C.A. No. 19-99WES

PATRICIA COYNE-FAGUE,
    Defendant.

## REPORT AND RECOMMENDATION

Patricia A. Sullivan, United States Magistrate Judge.

On February 27, 2019, Plaintiff Robert H. Silvia filed a *pro se* form complaint. ECF No. 1. Along with his complaint, Plaintiff filed an Application to Proceed without Prepayment of Fees and Affidavit (the "IFP Motion"), ECF No. 2, which has been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Based on my review of the IFP application and the prisoner trust fund account statement, I conclude that Plaintiff has satisfied the requirements of 28 U.S.C. § 1915(a)(1); accordingly, if the complaint survives screening, I will grant the IFP motion and calculate the initial filing fee that must be paid before the case may proceed. However, because of the IFP application, this case is subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2) and 1915A is the same used when ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Hodge v. Murphy, 808 F. Supp. 2d 405, 408 (D.R.I. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is

---

[1] Plaintiff also filed a motion for appointment of counsel. ECF No. 3. Based on my recommendation that Plaintiff's complaint as presently constituted fails to survive screening but must be amended to stay alive, I am denying without prejudice his motion to appoint counsel in a separate text order.

plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. In addition, a viable complaint must satisfy Fed. R. Civ. P. 8(a), which requires a plaintiff to include "a short and plain statement of the grounds for the court's jurisdiction . . . and of the claim showing that the pleader is entitled to relief," as well as Fed. R. Civ. P. 10(a-b), which requires a caption and claims set out in numbered paragraphs, each limited to a single set of circumstances. Federal district courts are limited to exercising jurisdiction over cases that arise "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over cases between citizens of different states where the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a).

Plaintiff's complaint is exceedingly thin – he pleads simply that Defendant is "violating religious rights of 21 inmates" and that he "would like an outcome so that our Wicca/Pagan Group can have the same rights as other religions and be protected under the law." ECF No. 1 at 3-4. These allegations unquestionably implicate the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*, which prohibits a state or local government from taking any action that substantially burdens the religious exercise of an institutionalized person unless the government demonstrates that the action constitutes the least restrictive means of furthering a compelling governmental interest.[2] Holt v. Hobbs, 135 S. Ct. 853, 859 (2015). There is also no question that religious exercise under the Wicca/Pagan faith is likely entitled to "be protected under the law" in that RLUIPA protections have been held to

---

[2] Plaintiff's civil cover sheet invokes 42 U.S.C. § 1983, presumably in relation to a claim based on a First Amendment deprivation. ECF No. 1-1 at 1 & 2. Cases dealing with a burden on religious exercise often reference both RLUIPA and the First Amendment through § 1983. See, e.g., Harris v. Wall, 217 F. Supp. 3d 541, 546 & n.3 (D.R.I. 2016); Vangel v. Aul, C.A. No. 15-43L, 2015 WL 5714850, at *2 nn.4-5 (D.R.I. June 19, 2015), adopted, 2015 WL 5714855, at *1 (D.R.I. Sept. 29, 2015).

extend to it.  See, e.g., LaPlante v. Mass. Dep't of Corr., 89 F. Supp. 3d 235, 241 (D. Mass. 2015); Nilsson v. Mass. Dep't of Corr., Civil Action No. 09-40019-FDS, 2011 WL 1235474, at *2 (D. Mass. 2011).  However, at a minimum, an inmate filing a suit under RLUIPA must allege: 1) that the prison's actions implicate his religious exercise; and 2) that the prison's actions substantially burden that exercise.  Holt, 135 S. Ct. at 862.

So far, Plaintiff's complaint tells the Court nothing of the religious exercise that Plaintiff contends he associates with his religious belief system; more materially, it tells the Court nothing of what Defendant has done to "substantially burden" Plaintiff's religious exercise.  42 U.S.C. § 2000cc-1(a).  Nor does it contain any statement regarding how Defendant's actions have affected Plaintiff specifically, as opposed to Wiccan/Pagan believers generally.  See Vangel v. Aul, C.A. No. 15-43L, 2015 WL 5714850, at *4 (D.R.I. June 19, 2015), adopted, 2015 WL 5714855, at *1 (D.R.I. Sept. 29, 2015).  Accordingly, the complaint fails to clear the Iqbal/Twombly bar and does not meet the basic pleading requirements in Fed. R. Civ. P. 8(a)(2), which mandates that a complaint must contain and short and plain statement of the claim.  Nevertheless, these deficiencies may be readily cured by an amendment to the pleading that fills in the gaps.  That is, Plaintiff may well have a cognizable claim.  Therefore, I recommend that the Court afford Plaintiff leave to file an amended complaint.  If he fails to do so, or if the amended pleading still fails to allege facts sufficient to render his RLUIPA/First Amendment claim plausible, I recommend that the case should be dismissed at screening for failure to state a claim.

An important aside: Plaintiff states that the religious rights of twenty-one inmates at the Adult Correctional Institutions ("ACI"), including his own, are being violated; the complaint lists the names of affected inmates.  ECF No. 1 at 3-4.  Further, while the complaint names Plaintiff as the only person bringing the suit, it represents that others are "to [be] add[ed] later."  ECF No.

1, at 3. Plaintiff is not an attorney, but is a *pro se* litigant. Therefore, he may not represent or file motions on behalf of other individuals. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); DRI LR Gen 205(a)(2) ("[a]n individual appearing pro se may not represent any other party"). "The federal courts have consistently rejected attempts at third-party lay representation. By law an individual may appear in federal courts only pro se or through legal counsel." Bishop v. Correct Care Sols. LLC, 2:16-cv-00172-JAW, 2016 WL 3004625, at *2 (D. Me. May 24, 2016), adopted, 2016 WL 3566201 (D. Me. June 24, 2016) (citing Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982)); see Vangel, 2015 WL 5714850, at *2 n.3 ("As a *pro se* litigant, Plaintiff may appear only on his own behalf."). Accordingly, Plaintiff's amended complaint may not purport to represent the interests of other inmates. The other inmates remain free, of course, to bring their own cases.

Based on the foregoing, I recommend that Plaintiff be afforded leave to amend within thirty days of the Court's adoption of my report and recommendation. See 28 U.S.C. §§ 1915(e)(2), 1915A. If Plaintiff opts not to file an amended complaint within that time period, or if his amended complaint fails to cure the deficiencies identified above, I recommend that the case be dismissed for failure to state a claim.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to

appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 25, 2019